UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RASHEENA BURNS**<br>2010 Stenton Avenue<br>Philadelphia, PA 19138<br><br>       Plaintiff,<br><br>v.<br><br>**GIANT FOOD STORES, LLC**<br>1403 South Christopher Columbus Blvd.<br>Philadelphia, PA 19147<br><br>       Defendant | JURY DEMANDED<br><br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.  Plaintiff, Rasheena Burns, (hereinafter "Plaintiff" or "Ms. Burns") is an adult individual residing at the above address.

2.  Defendant, Giant Food Stores, LLC (hereinafter "Defendant" or "Giant") is a corporation organized and existing under the laws of Pennsylvania, with a principle place of business at the above address, where at all relevant times, Plaintiff was employed.

3.  At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4.  Ms. Burns exhausted her administrative remedies pursuant to the Equal Employment Opportunity. (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5.  This action is instituted pursuant to Title VII and Section 1981 of the Civil Rights Act, the Pennsylvania Human Relations Act and applicable federal law and state law.

1

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Ms. Burns was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II. FACTS

8. Ms. Burns began working for Defendant as a Replenishment Associate, working the night shift, in September 2021.

9. Ms. Burns was promoted to Night Crew Lead, a management position, on December 12, 2021 and was moved into a new store owned by the Giant.

10. Upon her arrival to the new location, Ms. Burns began to experience discrimination due to her race-African American. All other managers in addition to her supervisor, Kevin Bane, were Caucasian and subjected her to frequent racial harassment.

11. On December 22, 2021, the Seafood Manager (Name Unknown)(Caucasian ), cursed at Ms. Burns and was extremely aggressive. He also remarked, "that's why you guys always get the cops called on you,"- referencing her race.

12. Also on December 22, 2021, Bakery Manager, Carlos (L/N/U) (Caucasian) said the N-word to Ms. Burns and demonstrated hostile behavior over the course of the night.

13. Both managers made doing Ms. Burns' job very difficult as while she was trying to make sure that the managers were following the sanitation guidelines, they told her to go f*** herself and began stocking inventory in a way that limited her access to the warehouse.

14. Ms. Burns reported these incidents to her supervisor Kevin Bane via text on December 22, 2021, and he told her that he did not care about the sanitation issues and to make a written statement about the racial harassment.

15. Throughout Ms. Burns' employment, the harassment continued to increase and she made frequent complaints to Kevin about the mistreatment.

16. On January 2, 2022, Ms. Burns met with Kevin to discuss the harassment she had been experiencing from the other managers and how she was uncomfortable working there.

17. In this meeting, Kevin defended the actions of the other managers and said the full N-word to Ms. Burns during the conversation. Kevin saying the N-word to Ms. Burns during the conversation made her incredibly uncomfortable and she left immediately.

18. Following the meeting with Kevin, on January 3, 2022, Ms. Burns called Human Resources Representative, Spencer L/N/U (Caucasian), to inform him of this harassment.

19. On January 4, 2022, Spencer called Ms. Burns back and defended the actions of both Kevin and the other managers. In the call, he stated, "you really think he was racist," in reference to Kevin saying the N-word and then he defended the employees' actions by stating that everyone was going through a tough time. Kevin provided no apology to Ms. Burns and he made no attempt to rectify the problem which led to Ms. Burns' constructive discharge following the call.

20. On January 4, 2022, Ms. Burns was constructivly discharged. She was discriminated against because of her race-African American, in violation of Title VII of the Civil Rights Act of 1964, as amended, in that Defendant's repeated harassment led to her constructive discharge from the company.

21. As a direct and proximate result of the Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and

earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

### III. CAUSES OF ACTION

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### RACE DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))

22. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

23. Defendant took adverse action against Ms. Burns by discriminating against her as set forth above and by terminating her employment.

24. Ms. Burns' status as an African-American places her in a protected class.

25. Ms. Burns' membership in a protected class was a motivating factor in Defendant's decision to discriminate against Ms. Burns and terminate her employment.

26. As such, Defendant's decision to discriminate against Ms. Burns and terminate her employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

27. As a proximate result of Defendant's conduct, Ms. Burns sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Burns has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

28. As a result of the conduct of Defendant's owners/management, Ms. Burns hereby demands punitive damages.

29. Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Ms. Burns demands attorneys' fees and court costs.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION
## (42 U.S.C.A. § 2000e-3(a))

30. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

31. As set forth above, Ms. Burns made complaints to a supervisor about disparate treatment in the workplace and as such, Ms. Burns was engaged in protected activity under Title VII of the Civil Rights Act.

32. Defendant took adverse action against Ms. Burns by discriminating against her and eventually terminating his employment.

33. As set forth above, Ms. Burns' participation in protected activity was a motivating factor in Defendant's decision to terminate her employment.

34. As such, Defendant's decision to terminate her employment is a retaliatory action prohibited by the Civil Rights Act of 1964, §704(a).

35. As a proximate result of Defendant's conduct, Ms. Burns sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Burns has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

36. As a result of the conduct of Defendant, Ms. Burns hereby demands punitive damages.

37. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), *et seq.*, Ms. Burns demands attorneys' fees and court costs.

## COUNT III
## CONSTRUCTIVE DISCHARGE

38. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

39. Defendant Constructively Discharged Plaintiff from her employment with Giant when it failed to prevent, and therefore condoned, severe and pervasive and outrageous racial harassment and a related hostile work environment.

40. Defendant also Constructively Discharged Plaintiff when it discriminated against Plaintiff on the basis of race when, during relevant time period, Ms. Yukenavitch, who is Caucasian, would say the n word in Ms. Burns' presence.

41. Defendant also Constructively Discharged Plaintiff from employment when it retaliated against Plaintiff in retaliation for Plaintiff's many complaints to Defendant about the racial harassment, and hostile work environment that she was forced to endure.

42. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

43. Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C. §2000e-3(a), et seq., Ms. Burns demands attorneys' fees and court costs.

## COUNT IV
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

**SECTION 1981**

44. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

45. Section 1981 of the Civil Rights Act prohibits discrimination on the basis of race in the making of contracts, including employment contracts.

46. The Defendant's conduct in terminating Plaintiff's employment was based on his race.

47. The Defendant's conduct in terminating Plaintiff's employment would have been different "but for" Plaintiff's race.

48. Pursuant to the Section 1981 of the Civil Rights Act, Plaintiff demands attorney's fees and court costs.

**COUNT V**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**RACE DISCRIMINATION**
**(43 P.S. § 955)**

49. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

50. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not discriminate against an employee based on race.

51. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

52. Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

53. Defendant's conduct in discriminating against Plaintiff and forcing the termination of Plaintiff's employment are adverse employment actions, were taken as a result of

7

her race and constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

54. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

55. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

## COUNT VI
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
## RETALIATION
## (43 P.S. § 951, *et. seq.*)

56. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

57. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., an employer may not retaliate against an employee as a result that employee engaging in protected activity.

58. Plaintiff is a qualified employee and person within the definition of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

59. Defendant is Plaintiff's "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

60. Defendant's forcing the termination of Plaintiff's employment constituted retaliation for engaging in protected activity by objecting to the racial harassment that she was

receiving while employed by Defendant and therefore was in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

61. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity and a permanent diminution of her earning power and capacity and a claim is made therefore.

62. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys' fees and court costs.

## IV. RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Rasheena Burns, demands judgment in her favor and against the Defendant in an amount in excess of $150,000.00 together with:

A. Reinstatement of position with a comparable salary and benefits including, medical, vacation and sick time, in addition to any other associated employee benefits to which she may be entitled.

B. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

C. Punitive damages;

D. Attorney's fees and costs of suit;

E. Reimbursement for medical bills;

F. Interest, delay damages; and,

G. Any other further relief this Court deems just proper and equitable.

Date: 08/23/2023　　　　　　　　　　LAW OFFICES OF ERIC A. SHORE, P.C.

BY: */s/ Mary LeMieux-Fillery*
**MARY LEMIEUX-FILLERY, ESQUIRE**
**(Pa Id. No.: 312785)**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel.: (267) 546-0132
Fax: (215) 944-6124
Email: maryf@ericshore.com
*Attorneys for Plaintiff, Rasheena Burns*

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

10

08/23/2023

(Date Signed)

Electronically Signed                                     2023-08-22 21:39:11 UTC - 173.167.220.245

Rasheena Burns

Nintex AssureSign®                                        3f70eb5b-92bb-4ff4-b279-b06501508255

Rasheena Burns

11